UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAPOLEON RILEY,

            Petitioner,           Civil No. 05-10099
v.                                                   Criminal No. 03-20049
                                                      Honorable David M. Lawson

UNITED STATES OF AMERICA,

            Respondent.
_____/

**OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE**

The petitioner, Napoleon Riley, has filed a motion to vacate his mandatory statutory minimum sentence of 120 months in prison imposed after Riley pleaded guilty to possession with intent to distribute five grams or more of crack cocaine. The mandatory minimum sentence was increased to 120 months because the petitioner had a prior drug felony conviction. He alleges that the received ineffective assistance of counsel because his appointed attorney did not file a direct appeal of the sentence. The Court finds the claim to be without merit, and therefore the motion to vacate the sentence will be denied.

I.

On October 2, 2003, the petitioner was indicted for possession with intent to distribute five grams or more of crack cocaine. On December 22, 2003, the petitioner pleaded guilty, and a signed Rule 11 agreement was filed. On April 8, 2004, the petitioner was sentenced to 120 months imprisonment to be followed by eight years of supervised release, which was the sentence predicted in the plea agreement. At the time of the sentence, the government already had filed a penalty enhancement information under 21 U.S.C. § 851, which increased the petitioner's potential sentence

to ten years to life in prison. That maximum sentence had been stated in the plea agreement and discussed at the guilty plea hearing.

The Rule 11 plea agreement the petitioner signed also contained the following provision:

**(7) Defendant's waiver of appeal rights.** Defendant waives any right to file a direct appeal from the conviction or sentence, including any right under 18 U.S.C. § 3742 to appeal on the grounds that the sentence was imposed as a result of an incorrect application of the sentencing guidelines, except that defendant may appeal one or more of the following sentencing actions if defendant makes a timely objection (*e.g.*, a timely objection to the presentence report, where applicable): (A) the court's application of a provision in the sentencing guidelines if the application is contrary to the stipulation of the parties or the application of a provision that was unanticipated by the parties and adverse to the interests of the defendant; (B) the court's determination that a sentence for a prior offense identified on the attached worksheet C results in more criminal history points than defendant has agreed; (C) a decision by the court to impose a sentence consecutive to an undischarged term of imprisonment pursuant to U.S.S.G. § 5G1.3; (D) the court's denial of a three-level reduction for acceptance of responsibility; (E) the court's imposition of an enhancement for obstruction of justice; or (F) the following specified issue(s): [none] .

Rule 11 plea agreement [dkt. #16]. At the December 22, 2003 guilty plea hearing, the following exchange took place between the petitioner and the Court:

> THE COURT: I'm going to ask the United States Attorney to recite the terms of the agreement on the record, Mr. Riley. Listen carefully. When he's finished I'm going to ask if you understand all of these terms, if you have any questions about them, and if the terms are complete, and if you agree with them. So pay attention, please.
>
> MR. HLUCHANIUK: Thank you, Your Honor. The terms of the plea agreement are . . .
> The defendant waives appeal rights other than those that would be specifically provided for in the agreement. Those are the important terms of this agreement, Your Honor.
> THE COURT: Thank you, Mr. Hluchaniuk.
> Mr. Bush, anything to add?
> MR. BUSH: No, Your Honor.
> THE COURT: Mr. Riley, did you understand all of that?
> THE DEFENDANT: Yes, sir.
> THE COURT: Do you have any questions about the terms of the plea agreement?
> THE DEFENDANT: No, sir.

> THE COURT: Have you had an opportunity to discuss the terms of the plea agreement with Mr. Bush to your satisfaction?
> THE DEFENDANT: Yes, sir.
> THE COURT: And do you agree with the terms?
> THE DEFENDANT: Yes, sir.

Sent. Tr. 7-11. Later, the Court inquired about the petitioner's desire to plead guilty and his understanding of the appeal waiver provision in the plea agreement:

> THE COURT: . . . Under normal circumstances you would have a right after sentencing to appeal your conviction even though it's based on a guilty plea if you believe that the guilty plea was involuntary, or if you thought that there was some other defect in the proceeding. But you are waiving that right under the terms of the plea agreement. Do you understand that?
> THE DEFENDANT: Yes, sir.
> THE COURT: Also, with respect to challenging your sentence, under normal circumstances you could appeal a sentence that you believe was contrary to law. But in this case you are limiting your right to appeal by a plea agreement to only those sentencing issues that you raise before me and obtain a ruling on at the time of the sentencing here. Do you understand that?
> THE DEFENDANT: Yes, sir.
> THE COURT: All right. It is the finding of the Court in the case of United States of America vs. Napoleon Riley, the defendant is fully competent and capable of entering an informed plea.
> The defendant's plea of guilty is a knowing and voluntary plea, and the defendant's plea is supported by the defendant's own statements of fact which contain all of the essential elements of the offense.
> Defendant's guilty plea therefore is accepted and the defendant is not adjudged guilty of the charge contained in Count I of the indictment.

Sent. Tr. 22-23.

The petitioner was sentenced to a mandatory minimum sentence of 120 months on April 8, 2004. He did not file a direct appeal, as might come as no surprise since the record suggested no appealable issues that were not waived in the plea agreement. On April 6, 2005, the petitioner filed a motion to vacate his sentence under § 2255 on three grounds:

> A. Violation of 21 U.S.C. § 841(b), a due process violation.
> B. The Petitioner was denied effective counseling by the non-objecting to the violation of §841(b), and not filing an appeal to same.

C. Sixth Amendment violation by increating [sic] the sentence plead agreed [sic] for.

On July 22, 2005, the Court permitted the petitioner to add the following claims:

> The Petitioner's drug quantity was increased sufficiently more than the quantity as alleged in the indictment. He was indicted to "knowingly and intentionally" possessing with intent to distribute five grams or more of a mixture or substance containing cocaine base. 21 U.S.C. § 841(a[)](1).
> . . . .
> To which the Petitioner was indicted, Title 21, U.S.C., Sections 841(a)(1) and 841 (b)(1)(B)(iii) absense [sic] proof that the substance Riley distributed was "crack" rather than some other form of cocaine base, the sentencing scheme applicable to offense involving less than 25 grams of cocaine (U.S.S.G. §2D1.1 and 21 U.S.C. § 841(b)(1)(B)(iii)) would place him at an offense level of much less than that established by the government's account.

Pet.'s Mot. to Amend 2-3.

The government filed a response arguing that all grounds except the ineffective assistance of counsel ground were procedurally defaulted because the petitioner failed to raise them before the sentencing court or on appeal, and that the claims lack merit. The petitioner filed a reply withdrawing all claims except the claim of ineffective assistance of counsel. It was in this pleading, filed on May 31, 2006, that the petitioner first raised to issue that he was denied effective assistance of counsel on appeal because he told his lawyer to file an appeal, which his lawyer did not do. In this reply, he argued for the first time that if the attorney thought that the appeal was meritless because the petitioner had waived his appellate rights, he should have filed an *Anders* brief.

The government has not responded to this claim, as it was raised late in a pleading to which no response was required. The record contains no affidavit from the petitioner's trial attorney, George C. Bush, since the petitioner had not alleged in his original or amended motion that he had given instructions to Mr. Bush to file an appeal.

II.

The petitioner's claim of ineffective assistance of counsel as stated in the motion to vacate the sentence suggested that trial counsel should have objected to "the violation of §841(b), and not filing an appeal to same." Mot. at 4. That ground refers to the one before it, which is based on an argument that the defendant was entitled to challenge his prior, penalty-enhancing conviction before sentencing. In making that argument, it appears that the petitioner means to refer to section 851(b) of Title 21, not section 841(b). The latter section states:

> If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

21 U.S.C. § 851(b). So presumably, ground two of the motion for relief from judgment alleged that trial counsel was ineffective by failing to ensure that the Court advised the petitioner of his right to challenge the prior conviction and inform him of the applicable timetable.

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that her attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. The Court has "declined to articulate specific

guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotes omitted).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id*. at 687.

The *Strickland* framework applies to claims of ineffective assistance of counsel arising from a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Carter v. Collins*, 918 F.2d 1198, 1200 (5th Cir. 1990). The first prong of the test remains the same. *Ibid.* However, the prejudice requirement focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill*, 474 U.S. at 59. In other words, the defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Ibid.*; *Carter*, 918 F.2d at 1200; *see also Smith v. United States*, 348 F.3d 545, 551-52 (6th Cir. 2003).

The petitioner cannot satisfy either prong of the *Strickland* test with this claim. First, the error about which he complains never occurred because the record discloses that he received the advice required by section 851(b). All of the rights and procedures for challenging a prior

conviction were explained to the petitioner at the sentencing hearing on April 8, 2004, after which the petitioner sated on the record that he did not "wish to challenge" the prior felony drug conviction. Sent. Tr. at 4 (Apr. 8, 2004). Since there was no error in the procedure, counsel's failure to file an appeal on that ground was not deficient performance.

The petitioner's new claim – that he specifically instructed his attorney to file a notice of appeal and he refused – is something else altogether. "[T]he failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment. . . . [T]he prejudice component of the *Strickland* analysis is inapplicable because prejudice is presumed." *Deitz v. Money*, 391 F.3d 804, 810 (6th Cir. 2004); *Ludwig v. United States*, 162 F.3d 456, 458-59 (6th Cir. 1998); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000) (holding that, without a specific instruction regarding appeal, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."). "A lawyer who does not show up for [an appeal] might as well be a moose, and giving the defendant a moose does not satisfy the sixth amendment." *Nunez v. United States*, 495 F.3d 544, 546 (7th Cir. 2007) (citing *United States v. Cronic*, 466 U.S. 648 (1984)). However, counsel is not under a duty to file a notice of appeal unless specifically instructed to do so. *Regalado v. United States*, 334 F.3d 520, 523 (6th Cir. 2003). A petitioner must show he actually directed his counsel to file an appeal, and not simply state that he desires or wants an appeal. *Ibid.*

The claim that the petitioner actually told his attorney to file a notice of appeal differs significantly from the grounds for relief stated in the original motion. The reply – or "traverse," as

the petitioner characterized it – was not filed until well after the expiration of the one-year statute of limitations that applies to section 2255 motions. 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section."). The one-year period begins to run the day after the judgment becomes "final." A federal criminal judgment becomes final for the purpose of section 2255 at the conclusion of direct review, *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002), and "an unappealed district court judgment of conviction becomes 'final' ten days after the entry of judgment," *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). Riley's judgment became final, therefore, on April 18, 2004.

The amendment to the grounds in the motion to vacate sentence was not filed until May 31, 2006. The Supreme Court has held that such attempts to amend motions collaterally attacking a conviction do not relate back to the date the original pleading was filed unless the original petition and new claims "are tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 664 (2005). The Court suggested that claims that must be stated discretely as separate grounds under the Habeas Rules would not satisfy that definition. *Id.* at 661. The Court explained:

> Habeas Corpus Rule 2(c), we earlier noted, *see supra*, at 2569-2570, instructs petitioners to "specify all [available] grounds for relief" and to "state the facts supporting each ground." Under that Rule, Felix's Confrontation Clause claim would be pleaded discretely, as would his self-incrimination claim. Each separate congeries of facts supporting the grounds for relief, the Rule suggests, would delineate an "occurrence." Felix's approach, the approach that prevailed in the Ninth Circuit, is boundless by comparison. A miscellany of claims for relief could be raised later rather than sooner and relate back, for "conduct, transaction, or occurrence" would be defined to encompass any pretrial, trial, or post-trial error that could provide a basis for challenging the conviction. An approach of that breadth, as the Fourth Circuit observed, "views 'occurrence' at too high a level of generality."

*Ibid.*

The Court believes that the petitioner's new claim is so different in kind from the ones earlier raised that it cannot arise from the same core facts, and it does not relate back. The new claim refers to specific instructions to file a notice of appeal, whereas the original claim of ineffective assistance of counsel alleged that trial counsel failed to object to a failure of advice from the trial court and then appeal that supposed defect in the proceedings. The new claim would be based on a different collection of precedent, require different factual development, and presumably call for a different response from the government.

This new claim is untimely and cannot form the basis for relief under section 2255. Moreover, it is unlikely that any appeal of the sentence or conviction would have borne fruit. The petitioner waived his right to appeal his conviction as part of the plea agreement. He agreed to a limited waiver of his right to appeal his sentence as well. The sentence waiver excepted issues relating to issues raised and decided adversely against the petitioner at the sentencing hearing (there were none), Sentencing Guidelines calculations that differed from the work sheet attached to the plea agreement (there were none of those, either), and findings based on events that occurred after the plea hearing, such as obstruction of justice or conduct that forfeited a finding of acceptance of responsibility. The record presents none of these issues. In fact, the record shows that the petitioner received the exact sentence to which he agreed, and the lowest sentence the Court could have given within the strictures of Congress's minimum sentence mandate.

There is some question whether counsel even has a constitutional duty to file an appeal as directed when the appeal has been waived by a plea agreement. "No published Sixth Circuit decision yet holds that *Roe v. Flores-Ortega* mandates that counsel file an appeal even if that defendant has no appealable issues and has expressly and fully waived all rights to appeal. On the

other hand, an unpublished Sixth Circuit decision holds precisely that." *United States v. Walls*, 2008 WL 927926, at *7 (E.D. Ky. Apr. 4, 2008). The Seventh Circuit recently noted that "six courts of appeals have held that a waiver of appeal does not relieve counsel of the duty to file a notice of appeal on his client's request." *Nunez v. United States*, 495 F.3d 544, 546 (7th Cir. 2007) (citing *Campusano v. United States*, 442 F.3d 770, 772-77 (2d Cir. 2006); *United States v. Poindexter*, 492 F.3d 263 (4th Cir. 2007); *United States v. Tapp*, 491 F.3d 263 (5th Cir. 2007); *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1195-99 (9th Cir. 2005); *United States v. Garrett*, 402 F.3d 1262, 1265-67 (10th Cir. 2005); *Gomez-Diaz v. United States*, 433 F.3d 788, 791-94 (11th Cir. 2005)); *see also Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007) (adopting the majority view). The Seventh Circuit "confess[ed] to some doubt about the constitutional reasoning" of these decisions, and suggested that a contrary result would be the law in the Seventh Circuit. *Id.* 547. The Court bolstered its skepticism by noting that under Seventh Circuit law an attorney need not file an *Anders* brief if the defendant waived the appeal, reasoning that harm may come to a defendant who jeopardizes his plea bargain by appealing after a waiver but there is no harm that can accrue to a defendant who has not waived his appeal. The Court nevertheless concluded that the petitioner had waived his right to collateral attack, so did not need to conclusively resolve the issue. *Id.* at 548.

But the Court need not reach that precise issue. The new ground for relief is unique and not related to the ones that were asserted timely. Because this new ground was asserted late, consideration of it is barred, 28 U.S.C. § 2255(f), unless the petitioner is relieved of the statute of limitation's burden by equitable tolling.

In this Circuit, courts consider a variety of factors when considering a claim for equitable tolling:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006). Equitable tolling in § 2255 cases "should be granted sparingly." *Ibid.*

None of these factors favors the application of equity. The petitioner apparently knew of the filing deadlines, and he brought his motion on a timely basis asserting his original grounds. He did not file the pleading with the new grounds until over a year later. The new grounds should have been apparent to the petitioner at the time of the original filing, and he has offered no explanation why he did not include the new claim in his first motion paper. In fact, the petitioner professes to have known about the basis of his new claim – his allegedly ignored instructions to trial counsel – from the start. The government would be prejudiced by allowing the assertion of the late claim because it would have to develop a factual basis that it had no need to address previously. Finally, the petitioner has offered no excuse for his late filing.

The Court concludes, therefore, that the new ground of ineffective assistance of counsel for failing to follow explicit instructions to file a notice of appeal is time-barred.

### III.

The Court finds that the motion as originally filed lacks merit, the amendment asserting new grounds does not relate back, and the new grounds were not asserted timely. The Court also finds that the petitioner has not established that the sentence in this case was imposed in violation of the Constitution or laws of the United States. The petitioner, therefore, is not entitled to relief under 28 U.S.C. § 2255.

Accordingly, it is **ORDERED** that the petitioner's motion to vacate his sentence [dkt # 26] is **DENIED**.

>s/David M. Lawson
>DAVID M. LAWSON
>United States District Judge

Dated: July 24, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 24, 2008.

>s/Felicia M. Moses
>FELICIA M. MOSES

---